# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-11620
Summary Calendar

United States Court of Appeals
Fifth Circuit
**FILED**
August 23, 2017
Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROBERT SIKES, also known as "German",

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:16-CR-118-7

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:[*]

Robert Sikes appeals his 210-month sentence following his guilty plea conviction for conspiracy to possess with intent to distribute methamphetamine. Sikes argues that the district court clearly erred in its drug quantity calculations, because it relied on what he characterizes as inaccurate and unreliable statements of his coconspirators. He further argues

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that the district court erred in enhancing his sentence for use of violence and importation of the drugs.

When a defendant preserves error as Sikes did, we review the sentencing court's interpretation of the Sentencing Guidelines de novo and its factual findings for clear error. *See United States v. Gomez-Alvarez*, 781 F.3d 787, 791 (5th Cir. 2015). "Factual findings regarding sentencing factors are entitled to considerable deference and will be reversed only if they are clearly erroneous." *United States v. Betancourt*, 422 F.3d 240, 246 (5th Cir. 2005) (internal quotation marks and citations omitted).

Information in a presentence report (PSR) "is presumed reliable and may be adopted by the district court without further inquiry if the defendant fails to demonstrate by competent rebuttal evidence that the information is materially untrue, inaccurate or unreliable." *Gomez-Alvarez*, 781 F.3d at 796 (internal quotation marks and citation omitted). Even a PSR based on hearsay statements of codefendants may be reliable for sentencing purposes. *See United States v. Zuniga*, 720 F.3d 587, 591-92 (5th Cir. 2013). A defendant's conclusory assertion or objection "merely in the form of unsworn assertions" is insufficient to rebut the findings contained in a PSR. *United States v. Lghodaro*, 967 F.2d 1028, 1030 (5th 1992).

With respect to the PSR's drug quantity calculations, Sikes failed to offer sufficient evidence to rebut the statements of his coconspirators, which attributed to him more than 900 grams of methamphetamine. *See Zuniga*, 720 F.3d at 591-92. As such, he failed to demonstrate that the PSR's drug quantity calculation was based on information "materially untrue, inaccurate or unreliable." *See Gomez-Alvarez*, 781 F.3d at 796. Similarly, Sikes failed to rebut the PSR's findings that he used violence when he shot at a coconspirator over a drug debt and that he imported methamphetamine from Mexico. *See*

No. 16-11620

U.S.S.G. §§ 2D1.1(b)(2), (b)(5). Thus, the district court did not clearly err in adopting the PSR's findings and enhancing Sikes's sentence accordingly. *See Gomez-Alvarez*, 781 F.3d at 796; *Betancourt*, 422 F.3d at 246.

Sikes also contends that his sentence is procedurally unreasonable because the district court failed to address his nonfrivolous arguments for a downward variance. Because Sikes did not object on this ground in the district court, review is for plain error. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009). Sikes must show an error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.* The error affects substantial rights if it "affected the sentencing outcome." *Mondragon-Santiago*, 564 F.3d at 365.

A review of the record does not support Sikes's argument that the district court failed to consider his arguments for a lower sentence. In fact, "the full sentencing record reveals the district court's reasons for the chosen sentence and allows for effective review by this court." *United States v. Bonilla*, 524 F.3d 647, 658 (5th Cir. 2008). Even if the district court's reasons were inadequate and constituted plain error, Sikes has not shown that a more extensive explanation would have changed his 210-month sentence, which is presumed reasonable. *See Mondragon-Santiago*, 564 F.3d at 365; *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006). Accordingly, the judgment of the district court is AFFIRMED.